IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

RONALD O'DELL,               )
                             )
            Plaintiff,        )
                             )
v.                           )          No. 3:06-CV-119
                             )
JO ANNE B. BARNHART,          )
Commissioner of Social Security, )
                             )
            Defendant.        )

## MEMORANDUM OPINION

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of

defendant Commissioner's final decision denying plaintiff's claims for Supplemental

Security Income ("SSI") benefits under Title XVI of the Social Security Act. For the reasons

set forth herein, defendant's motion for summary judgment [doc. 18] will be denied, and

plaintiff's motion for summary judgment [doc. 14] will be granted to the extent it seeks

remand pursuant to sentence four of § 405(g).[1]

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a
judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security,
with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

## I.

### *Procedural History*

Plaintiff applied for SSI benefits in September 2003, claiming to be disabled by "dibabetes [sic], feet injury, emphysema, pancreatis [sic], depression, blood pressure, stomach problems [and] constant pain all over[.]" [Tr. 46, 57]. Plaintiff alleged a disability onset date of May 12, 2001. [Tr. 46]. His application was denied initially and on reconsideration. Plaintiff then requested a hearing, which took place before an Administrative Law Judge ("ALJ") on September 28, 2005.

On November 3, 2005, the ALJ issued a decision denying benefits. He determined, in relevant part, that plaintiff has "diabetes mellitus, lumbar degenerative disc disease, and anxiety/depression," which are "severe" impairments but not equivalent to any impairment listed by the Commissioner. [Tr. 16]. Finding the assessments of both a treating and an examining physician to be inconsistent with "the remaining documentary evidence of record" and unduly based on plaintiff's subjective complaints, the ALJ concluded that plaintiff retained the residual functional capacity to perform a range of light jobs existing in the economy. [Tr. 16-20]. Plaintiff was therefore found not to be eligible for SSI benefits.[2]

Plaintiff then sought review from the Commissioner's Appeals Council. On January 24, 2006, review was denied. [Tr. 5]. The ALJ's ruling therefore became the

---

[2] The ALJ's ultimate conclusion was based on vocational expert testimony, which was in turn based on the opinion of a nonexamining state agency physician who reviewed portions of the administrative record.

2

Commissioner's final decision. *See* 20 C.F.R. § 416.1481. Through his timely complaint, plaintiff has properly brought his case before this court for review. *See* 42 U.S.C. § 405(g).

## II.

### Background and Testimony

Plaintiff was born in 1961 and attended school into the tenth grade. [Tr. 46, 328]. He has worked as a painter, gas station attendant, tractor-trailer driver, road construction worker (operating an 85-ton back haul truck), and 50-ton rock truck driver. [Tr. 77-82, 330].

## III.

### Applicable Legal Standards

This court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g)*; Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The "substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)). In reviewing administrative decisions, the court must take care not to "abdicate [its] conventional judicial function," despite the narrow scope of review.

*Universal Camera*, 340 U.S. at 490.

An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. *See* 42 U.S.C. § 1382(a). "Disability" is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.

> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiffs bear the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.*

IV.

*Analysis*

A. Remand

The parties disagree as to whether the ALJ provided adequate reasons for rejecting the opinions of a treating and an examining doctor in favor of the opinion of the nonexamining state agency physician. The court finds the ALJ's proffered reasons insufficient, and this matter will accordingly be remanded to the Commissioner for further evaluation.

The administrative record shows that plaintiff has been treated by the Tri-State Medical Clinic from at least 2001 through 2005. Also of record is a September 2005 Physical Capacities Evaluation purportedly completed by a Dr. C.S. Shin. [Tr. 314]. The evaluation terms plaintiff "completely disabled" by diabetes, advanced degenerative disk disease, hypertension, and another illegible condition. Plaintiff is therein considered able to sit, stand, and walk for only one hour each per workday with no ability to lift, carry, or bend.

Although addressed by neither the Commissioner nor the ALJ, the court observes that the relationship between Dr. Shin and the Tri-State file is unclear. The evaluation and the records are each handwritten in a similar and virtually illegible style, but the court does not purport to be a handwriting expert. Further, the Tri-State records are rarely signed, and when they are the signature does not resemble "C.S. Shin." [Tr. 257, 259]. It is therefore unclear whether plaintiff was treated by a doctor at Tri-State - as opposed to a nurse or nurse practitioner whose opinion would be entitled to less weight - and, if so, whether that doctor was Dr. Shin. Nonetheless, as noted, the Commissioner does not presently challenge the source of the Tri-State records.

The near-total illegibility of this evidence does add support to the ALJ's finding that Dr. Shin's conclusions lack objective evidentiary support. [Tr. 16]. To the extent that the treatment notes are readable *at all*, it is difficult to distinguish medical findings from the mere recordings of plaintiff's self-reports. However, the court can detect at least one finding of lumbar tenderness [Tr. 130], and the Tri-State source(s) clearly view plaintiff's condition as serious. [Tr. 251, 253].

More probative is the December 2003 consultative physical examination by Dr. Leon Cochran. Dr. Cochran predicted that plaintiff could stand and/or walk only two hours per workday and sit only one hour per workday. [Tr. 168]. Objective evidence supporting Dr. Cochran's conclusions include range of motion and other physical testing [Tr. 165-67] and lumbar x-rays from 2003 and 2002 showing "moderate *to marked* degenerative disc

disease involving multiple levels[.]"  [Tr. 174] (emphasis added).

Despite these objective findings, the ALJ rejected Dr. Cochran's opinions in favor of the Physical Residual Functional Capacity Assessment of non-examining state agency physician Glenda Knox-Carter, who termed Dr. Cochran's findings "too restrictive based on the objective medical findings[.]" [Tr. 231].  Specifically, the ALJ stated that Dr. Cochran's predicted limitations "were *inconsistent with the remaining documentary evidence of record* and are afforded no weight.  They appear to be based on the claimant's subjective complaints." [Tr. 16] (emphasis added).  The court cannot agree with this reasoning. Essentially the only "documentary evidence of record" pertaining to plaintiff's back pain is the Tri-State and Cochran files, which are substantially consistent.  Further, as noted, Dr. Cochran's assessment *does* have objective support.[3]

Absent sufficient explanation by the ALJ, the opinion of a nonexamining physician is entitled to little weight if contrary to the opinions of treating and examining sources.  *See, e.g., Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987); *see also* 20 C.F.R. § 416.927(d)(1), (2).  The present ALJ erred by not articulating a valid reason for adopting a residual functional capacity different than that opined by treating and examining sources. This matter will accordingly be remanded to the Commissioner for further evaluation and

---

[3] The court also notes a 2004 exercise stress test showing "marked impairment of functional aerobic capacity." [Tr. 243].

explanation.[4]

## B. Award of Benefits by This Court

In lieu of remand, a reviewing court can reverse and immediately award benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir.1994). In his summary judgment briefing, plaintiff only requests remand. The issue of an award of benefits by this court is therefore arguably waived. Nonetheless, because benefits are requested in plaintiff's complaint, the court will briefly address the issue.

"A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id.* Other than perhaps the evaluation by Dr. Cochran, proof of disability in this case is neither strong nor overwhelming.

Further, the court notes inconsistencies in the record which diminish the credibility of plaintiff's complaints. Due to the alleged severity of his conditions, plaintiff is purportedly able to engage in virtually no activities outside the home [Tr. 66], is incapable

---

[4] In passing, the court observes that it is again presented with a Social Security appeal in which the ALJ found that "activities including . . . watching television [and] listening to the radio . . . indicate[] that [the claimant] is able to get about in a manner which is not significantly restricted." [Tr. 17]. The court must restate its utter dismay that the Commissioner considers "activities" such as watching television and listening to the radio to be evidence of vocational ability. *See, e.g., Russell v. Barnhart*, No. 3:05-cv-362, slip op. at 5 (E.D. Tenn. Feb. 15, 2006); *Ezell v. Barnhart*, No. 3:03-cv-421, slip op. at 11 (E.D. Tenn. June 25, 2004). The court again hopes that it has been presented with this unsupportable theory for the final time.

of doing any chores or shopping due to pain [Tr. 67], can only "[p]retty much stay at home trying to rest" [Tr. 73], "stay[s] frustrated . . . 24/7 . . . [because he] can't breath [sic]" [Tr. 70], is "unable to do any physical activity" [Tr. 88], "cannot do anything . . . do[es] not do anything" [Tr. 93], and has to "lie down all time [sic]."  [Tr. 96].  However, the administrative record shows that

1. Plaintiff is noncompliant with treatment instructions regarding diet [Tr. 116], smoking cessation ("must stop smoking") [Tr. 116, 138], blood work [Tr. 251, 261, 263], and diabetes management.  [Tr. 256].  The Tri-State records contain observations such as "not listening to doctor's order at all" [Tr. 118], "may have to dismiss from clinic due to non compliance" [Tr. 261], and "very, very poor compliance . . . recommended to find another doctor."  [Tr. 258, 260].

2. Plaintiff purports to be "unable to afford" necessary medical care [Tr. 101, 126, 258, 262, 335-36], yet he continues to smoke two packs of cigarettes per day.  [Tr. 162-63, 176].  *See Sias v. Sec'y of Health & Human Servs.*, 861 F.2d 475, 477, 480-81 (6th Cir. 1988).

3.  Plaintiff, a resident of Tennessee, was able to engage in some conduct in the state of Kentucky which eventually landed him in jail for contempt of court.  [Tr. 115].  He was jailed in January 2004, long after his alleged 2001 disability onset date.

4. Although plaintiff complains of swelling and limited feeling in his hands [Tr. 89, 141, 333], Dr. Shin's assessment predicted no fingering limitations whatsoever.  [Tr. 314].

5. At a 2004 cardiac consultation, plaintiff was noted to have full motor strength in all extremities, with a primary interest in "address[ing] his erectile dysfunction."  [Tr. 242, 64].

6. Oddly, despite his employment history as a driver and self-employed painter (for which he never reported any taxable income [Tr. 51, 105, 330]), plaintiff twice represented to the Commissioner (indirectly in December 2003 and directly in May 2004) that he has *never* had a drivers license. [Tr. 98, 176]. Earlier, in October 2003, plaintiff told the Commissioner that he did have a license but it was "suspended for driving with no insurance." [Tr. 66]. However, by his September 2005 administrative hearing, plaintiff testified that he in fact had a drivers license at that time. [Tr. 329]. It is at best odd that a person experiencing plaintiff's self-reported limitations could have, between May 2004 and September 2005, obtained a drivers license.

7. Plaintiff has a history of alcohol abuse, with cessation only by self-report. [Tr. 179].

Cumulatively, these facts challenge the credibility of plaintiff's alleged limitations and may warrant further exploration on remand.

All essential factual issues have not been resolved, and the administrative record as a whole does not adequately establish an entitlement to benefits. *See Faucher*, 17 F.3d at 176. This court will not award benefits based on the present record.

## C. Conclusion

This case will be remanded to the Commissioner for further evaluation and/or explanation of the issues raised herein. The court finds the instant administrative record to be one of the least illuminating transcripts in recent memory. At plaintiff's next administrative hearing, the Commissioner shall therefore utilize the testimony of a medical advisor. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge