UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RONALD O'DELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 3:06-CV-119 |
| | ) (JORDAN/GUYTON) |
| | ) |
| MICHAEL J ASTRUE, | ) |
| Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for disposition of plaintiff Ronald O'Dell's motion for an award of attorney's fees in the amount of $4,536.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(1). [Doc. 23].

On January 4, 2007, United States District Judge Leon Jordan entered an Order granting the plaintiff's motion for summary judgment, denying the defendant's motion for summary judgment, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 21]. Four conditions must be met before an attorney is entitled to EAJA attorney's fees:

    1. The plaintiff must be a prevailing party;

    2. The government's position must be without substantial justification;

    3. No special circumstances warranting denial of fees may exist;

> 4. The application for attorney's fees must be filed within 30 days of the final judgment in the action.

28 U.S.C. § 2412(d)(1). The plaintiff obtained a "sentence four" remand in this case which, for purposes of EAJA fees, renders him a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991). The proper "substantial justification" standard in EAJA cases is "whether the Government's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989). The Commissioner filed a Joint Stipulation agreeing that the plaintiff is entitled to EAJA attorney's fees, thereby conceding that the position of the government in this matter was not substantially justified. [Doc. 24]. Further, I am not aware of, and have not been cited to, any "special circumstances" that would otherwise make an award of attorney's fees unjust. Though it appears to this Court that plaintiff's petition was not timely filed, the Commissioner has waived this issue by filing a Joint Stipulation.

On April 4, 2007, Plaintiff moved for a total fee amount of $4,536.00.[1] [Doc. 23]. The Commissioner responded by filing a Joint Stipulation on April 23, 2007. [Doc. 24]. In the Joint Stipulation, the defendant agreed the plaintiff was entitled to attorney's fees in the amount of $3,780.00, and the plaintiff agreed to accept that amount and agreed the same fully compensated him for EAJA fees. [Id. at ¶¶ 1, 2]. Additionally, the plaintiff agreed that his petition for fees should be dismissed pursuant to the agreement contained within the Joint Stipulation. [Id. at ¶ 4].

---

[1] 33.60 hours at $135.00 per hour.

Based upon the foregoing, plaintiff's motion for attorney's fees and costs **[Doc. 23]** is **DENIED** in favor of the subsequent Joint Stipulation **[Doc. 24]**, which is **GRANTED** and will be entered, awarding the plaintiff the amount of $3,780.00 for attorney's fees.

**IT IS SO ORDERED.**

                                          **ENTER:**

                                             s/ H. Bruce Guyton
                                       United States Magistrate Judge